United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRAYAN SILVA ESCALANTE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-00182** |
| | § | |
| **GRANT DICKEY, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On January 16, 2026, this Court issued an order for Petitioner to have a bond hearing in Immigration Court. ECF No. 5. Petitioner was denied bond. ECF No. 6. Pending before the Court now, is Petitioner's Motion to file an Amended and Supplemental Petition, to Modify this Court's January 16, 2026, Order, and for Release. ECF No. 15. The Court ordered expedited briefing, and after reviewing the briefing from both Petitioner and Respondents and all applicable law, the Court now **GRANTS IN PART** the Amended Petition for Habeas Corpus and **DENIES** Respondents' Motion to Stay and in the Alternative, for Summary Judgment.

## I. BACKGROUND

Respondents have not disputed any of the following facts. Petitioner is a citizen of Honduras and has been in the United States since at least 2021. ECF No. 15-1 at ¶ 12; ECF No. 1-2 at 6-8 (Notice to Appear ("NTA") cited by Respondents at ECF No. 17 at 3). Petitioner's Amended Petition explains that in February 2021, Petitioner was released from immigration custody to a sponsor by the Office of Refugee Resettlement. ECF No. 15-1 at ¶ 13; *see* ECF No. 1-2 at 6-8.

On December 26, 2025, petitioner was taken into immigration custody. ECF No. 15-1 at ¶ 18. The same day, Petitioner was served an NTA charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled. . . ." ECF No. 17 at 3. On January 21, 2026, Petitioner was denied bond by an Immigration Judge ("IJ"), who cited that Petitioner was a flight risk. ECF No. 6. On May 20, 2026, Petitioner's application for asylum and related protection was denied by an IJ, and he was ordered removed. ECF No. 15-1 at ¶ 24. Petitioner has appealed, and that appeal remains pending. *Id*. at ¶ 25. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. §1225(b)(2). ECF No. 17 at 3. At the time of this order, Petitioner has been in continuous detention for 294 days, or approximately nine and a half months.

## II. ANALYSIS

The Court concludes that Petitioner's ongoing prolonged detention violates his rights under the Due Process Clause. The Supreme Court held in *Demore v. Kim* that, under the factual circumstances before the Court in that case, "the Government [could] constitutionally detain deportable aliens [under § 1226(c)] during the limited period necessary for their removal proceedings." 538 U.S. 510, 526 (2003). The *Demore* Court held that detention must "bear[] a reasonable relation to the purpose for which the individual was committed" in order to comport with due process. *Id*. at 527-28. In reaching this conclusion, the Court relied on the "brief" average length of detention under § 1226(c) in 2003. *Id*. at 523. Specifically, the Court cited statistics showing that "in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days," or four months longer in those cases "in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals." *Id*. at 529.

The *Demore* Court reaffirmed that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a statute that permitted indefinite detention would be constitutionally suspect. The Court distinguished from *Zadvydas*, writing that, "[w]hile the period of detention in *Zadvydas* was 'indefinite' and 'potentially permanent,' the detention at issue in *Demore* "[wa]s of a much shorter duration." *Demore*, 538 U.S. at 528. Under *Zadvydas*, detention in the post-removal order context is only presumptively permissible under due process for six months. *Zadvydas*, 533 U.S. at 701. While *Zadvydas* is not binding in this context—before a final removal order exists—it is instructive that the Supreme Court finds six months of detention that could continue indefinitely to be constitutionally impermissible.

Additionally, this Court is persuaded by the First and Second Circuits' reasoning in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) and *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020), in which the courts held that prolonged detention under § 1226(a) violates the due process clause under *Mathews v. Eldridge*, 424 U.S. 319 (1976). While the length of detention here is shorter than in *Hernandez-Lara* or *Velasco Lopez*, the reasoning still holds, as there is no indication that Petitioner's detention will end any time soon.

Similarly, in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026), this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore*, 538 U.S. at 527). The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

For all these reasons, this Court finds that Petitioner's lengthy detention constitutes a serious deprivation of liberty in violation of Petitioner's due process rights. Accordingly, the Court declines to reach the other grounds asserted in Petitioner's amended petition.

## I. REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than six months, or 294 days. Given the severity of this ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **48 hours**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before October 19, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on October 16, 2026.

Keith P. Ellison
United States District Judge